THE HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8       AT TACOMA

9   DEBORAH A. JOHNSON,                    )
                                           )
10                        Plaintiff,       )
                                           )   Case No. 3:17-cv-05397-RBL
11          v.                             )
                                           )
12   GENERAL ELECTRIC COMPANY; and         )   FINDINGS OF FACT AND
     METROPOLITAN LIFE INSURANCE           )   CONCLUSIONS OF LAW AND
13   COMPANY,                              )   ORDER
                                           )
14                        Defendants.      )
                                           )
15   _____)

16          THIS MATTER having come before the Court on the parties' cross-motions; the Court

17   having reviewed all pleadings and other documents filed by the parties relating to the motions,

18   including:

19          1.      Plaintiff's Motion for Judgment under Rule 52 of Fed. R. Civ. P. (Dkt 20);

20          2.      Defendants' Motion for Summary Judgment or, Alternatively, Motion for

21   Judgment on the Record (Dkt 22);

22          3.      Declaration of Carolyn Smith (Dkt. 23);

23          4.      Declaration of Jim Brault, with attachments (Dkt. 24);

24          5.      Administrative Record filed 4/26/2018 (Dkt. 25);

25          6.      Defendants' Opposition to Plaintiff's Motion for Judgment (Dkt. 27);

26          7.      Plaintiff's Opposition to Defendants' Motions for Summary Judgment or

27   Judgment on the Record (Dkt. 28);

ORDER ON FINDINGS OF FACT AND CONCLUSIONS OF
LAW (Case No. 3:17-CV-05397-RBL) - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

105460.0078/7321238.1

1    8.    Declaration of Todd. R. Renda in Support of Motion for Admission of Additional

2 Evidence, with attachments (Dkt. 28-1);

3    9.    Defendants' Reply Brief in Support of Motion for Summary Judgment or,

4 Alternatively, Motion for Judgment on the Record (Dkt 29);

5    10.    Plaintiff's Reply Brief (Dkt. 31);

6 and the Court having reviewed the records and files herein, the Court hereby makes the following

7 Findings of Fact and Conclusions of Law:

8                              **FINDINGS OF FACT**

9    1.    Defendant Metropolitan Life Insurance Company ("MetLife") issued Policy No.

10 22222-G to plaintiff Deborah Johnson's former employer, General Electric Company ("GE"),

11 which provides long-term disability ("LTD") benefits to employees who are totally disabled from

12 working under the GE Long Term Disability Plan (the "Plan").  AR 409-429.

13    2.    The amount of the gross LTD benefit under the Plan is 50% of "normal straight-

14 time annual earnings" or "NSTAE."  AR 412.  The Plan defines NSTAE as follows:

15    Except as hereinafter provided in this paragraph, the term [NSTAE] means the
16    amount which an employee is earning as salary from the Company at the applicable
     time or was earning when last actively at work for the Company, extended to an
17    annual basis.

18    To such extent as the Pension Board may provide, the term [NSTAE] may include
     night shift bonuses, commissions, other variable compensation and any special or
19    supplemental payments, provided however that [NSTAE] shall not include payments
     for overtime (straight-time and premium).  Where any inclusions in [NSTAE] are paid
20    at times less frequent than an employee's regular payroll records, the Pension Board
     may determine the compensation base to be used.

21    In accordance with the foregoing definition, an employee's [NSTAE] shall be
22    determined as follows:

23                                  * * *

24    (2) For employees paid semi-monthly: 24 times the employee's regular semi-monthly
     salary.

25
26 AR 422.

27

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

105460.0078/7321238.1

3. In June 2015, Ms. Johnson stopped working for GE claiming to be totally disabled. Following a six-month elimination period, MetLife approved Ms. Johnson's claim for LTD benefits and has been paying those benefits since December 17, 2015. AR 243-44.

4. Prior to leaving work due to disability in June 2015, Johnson was earning a weekly salary of $4,203.83, Dkt. 24 at 7-41, which is $219,300 when extended to an annual basis.

5. MetLife used Ms. Johnson's annual salary of $219,300 as the equivalent of NSTAE for the purpose of calculating Ms. Johnson's gross monthly benefit amount of $9,137.50 ($219,300/12 * 50%). Dkt. 24, ¶ 5.

6. For employees in positions such as Ms. Johnson, GE includes only the employee's salary in NSTAE, and does not include other forms of compensation such as commissions, hiring or retention bonuses, health facility payments, product purchase or leadership life payments. Dkt. 23, ¶ 4.

7. MetLife informed GE employees that premiums for LTD coverage would be calculated based on a percentage of Normal Straight-time Monthly Earnings. Dkt. 24 at 5.

8. Ms. Johnson's payroll records indicate that she paid premiums for LTD coverage based on salary, and that she did not pay any premiums for LTD coverage on compensation she received for commissions, hiring or retention bonuses, health facility payments, product purchase or leadership life payments. Dkt. 24 at 7-41.

9. During a telephone call on December 10, 2015, MetLife informed Ms. Johnson that NSTAE was calculated based on her annual salary of $219,300, and that she paid premiums for LTD coverage based on the same amount. AR 51.

10. GE explained the bases of its calculations in a letter to Ms. Johnson's attorney dated May 23, 2017. AR 403.

## CONCLUSIONS OF LAW

1. The parties agree that this dispute, governed by the Employee Retirement Income Security Act ("ERISA"), is subject to a *de novo* standard of review. Under *de novo* review, "[t]he

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits …." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006).

2.      Even under *de novo* review, the claimant has the burden of proving her claim. *Bunger v. Unum Life Ins. Co. of Amer.*, 196 F. Supp. 3d 1175, 1186 (W.D. Wash. 2016).

3.      Under Fed. R. Civ. P. 52, the Court conducts a bench trial on the administrative record and such other evidence that it admits. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-95 (9th Cir. 1999). The Court has the ability to "evaluate the persuasiveness of conflicting testimony and decide which is more likely true." *Id.* at 1095.

4.      The Court has the discretion to consider evidence outside of the administrative record. *See Bunger v. Unum Life Ins. Co. of Amer.*, 196 F. Supp. 3d 1175, 1189 (W.D. Wash. 2016).

5.      The court admits and considered the following evidence in addition to the administrative record: Declaration of Carolyn Smith, filed by defendants at Dkt. 23; Declaration of Jim Brault (attaching Johnson's payroll records and a GE memo to employees addressing premium rates) filed by defendants at Dkt. 24; and attachments to the Declaration of Todd Renda, filed by plaintiff at Dkt. 28-1.

6.      On *de novo* review, the Court construes Plan terms consistent with their plain language. *Opeta v. NW Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1220 (9th Cir. 2007).

7.      The Court interprets the definition of NSTAE under the Plan to include Ms. Johnson's salary in NSTAE and not additional payments she received for commissions, Leadership Life insurance, health facility reimbursements and retention/hiring bonuses, and finds that this is the only reasonable interpretation.

8.      Defendants correctly calculated Ms. Johnson's LTD benefits based on her annual salary of $219,300, and MetLife is and has been paying benefits in accordance with the terms of the Plan.

ORDER ON FINDINGS OF FACT AND CONCLUSIONS OF LAW (Case No. 3:17-CV-05397-RBL) - 4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

105460.0078/7321238.1

1    9.    Ms. Johnson fails to prove her claim for benefits under 29 U.S.C. § 1132(a)(1)(B).

2    She is not entitled to receive additional monthly LTD benefits beyond the amount that she is

3    currently being paid.

4    10.    Ms. Johnson has not asserted nor proved any other claim against either defendant.

5                                            **ORDER**

6        Accordingly, IT IS HEREBY ORDERED as follows:

7    1.    Defendants' Motion for Judgment on the Record pursuant to Fed. R. Civ. P. 52 is

8    **GRANTED**;

9    2.    Plaintiff's Motion for Judgment under Rule 52 of Fed. R. Civ. P. is **DENIED**;

10    3.    Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 is

11    **DENIED** as moot;

12    4.    All claims against defendants are dismissed with prejudice.

13    DATED this 13th day of June, 2018.

14

15                                    Ronald B. Leighton
                                      United States District Judge
16

17    PRESENTED BY:

18    LANE POWELL PC

19

20    BY:    _s/ Stephania C. Denton_
             Stephania C. Denton, WSBA No. 21920
21           Attorneys for Defendants

22

23

24

25

26

27

ORDER ON FINDINGS OF FACT AND CONCLUSIONS OF
LAW (Case No. 3:17-CV-05397-RBL) - 5

105460.0078/7321238.1